# Exhibit A

Assigned for all purposes to: Governor George Deukmejian Courthouse, Judicial Officer: Michael Vicencia

Electronically FILED by Superior Court of California, County of Los Angeles on 11/23/2021 10:35 AM Sherri R. Carter, Executive Officer/Clerk of Court, by J. Ballesteros,Deputy Clerk

1  DAVID B. NUSZ, ESQ. (SBN 156298)
   **BLACK AND ROSE, LLP**
2  18301 Von Karman Ave., Suite 300
   Irvine, CA 92612
3  Telephone:  949.435.4260
   Facsimile:   949.435.4265
4

5  *Attorneys* for Applicant: Todd Mason

6              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

7                    **FOR THE COUNTY OF LOS ANGELES**

8

9  TODD MASON, an individual,            Case No.: **21LBCV00619**

10              Plaintiff,               **COMPLAINT FOR DAMAGES:**

11          v.                           1. **Wrongful Termination in Violation of**
                                            **Fair Employment and Housing Act**
12  COLONIAL LIFE & ACCIDENT               **(FEHA)**
   INSURANCE CO.,                        2. **Wrongful Termination Based on**
13                                           **Breach of Contract**
              Defendants.               3. **Breach of Covenant of Good Faith and**
14                                          **Fair Dealing**
                                         4. **Intentional Interference with**
15                                          **Prospective Economic or Business**
                                            **Advantage**
16                                       5. **Defamation**
                                         6. **Hostile Work Environment Based on**
17                                          **Defendant's Failure to Prevent**
                                            **Discrimination in Violation of fair**
18                                          **Employment and Housing Act (FEHA)**
                                            **Intentional Infliction of Emotional**
19                                          **Distress**

20

21

22

23

24

25

26

27

28

- 1 -
**COMPLAINT**
**TODD MASON V. COLONIAL LIFE & ACCIDENT INSURANCE CO.**

Plaintiff TODD MASON (hereinafter "Plaintiff") hereby brings this Complaint against Defendants COLONIAL LIFE & ACCIDENT INSURANCE, CO. ("COLONIAL"); and DOES 1 through 20, inclusive (hereinafter collectively referred to as "Defendants"), and alleges as follows:

## PARTIES, VENUE, JURISDICTION AND GENERAL ALLEGATIONS

1. Plaintiff was employed by Defendant COLONIAL as Public Sector Territory Sales Manager - LA in Los Angeles County from February 18, 2013 to November 23, 2020. During that time, Plaintiff resided in Los Angeles County.

2. Plaintiff is informed and believes and thereby alleges that Defendant, COLONIAL, is a corporation that has authorized an agent to accept service of process in actions brought in California against COLONIAL. In addition, Defendant COLONIAL does business in California and these causes of action arise from such business.

3. The true names and capacities, whether a corporation, agent, individual, or otherwise of Defendants DOES 1 through 20, are unknown to Plaintiff, who therefore sues said Defendants by such fictitious names. Each Defendant designated herein as a DOE, is negligently or otherwise legally responsible in some manner for the events and happenings referred to herein and therefore proximately caused harm and damages to Plaintiff as alleged herein. Plaintiff will seek leave of Court to amend this Complaint to show their names and capacities when the same have been ascertained.

4. At all times mentioned herein, DOES 1 through 20, were the agents, representatives, employees, successors and/or assigns of Defendants and at all times pertinent hereto were acting within the course and scope of their authority as such agents, representatives, employees, successors, and/or assigns.

5. Plaintiff is informed and believes and thereby alleges that at all times material hereto, Defendants and their agents, employees, alter egos, and/or joint ventures were acting within

- 2 -
**COMPLAINT**
**TODD MASON V. COLONIAL LIFE & ACCIDENT INSURANCE CO.**

the course and scope of such agency, employment, joint venture, or concerted activity.

6. Plaintiff is informed and believes and thereby alleges that at all relevant times herein mentioned, Defendants and DOES 1 through 20 are, and were corporations, business entities, individuals, and partnerships, licensed to do business and actually doing business in the State of California. In those capacities Defendants employed Plaintiff in the State of California, and based on all the facts and circumstances incident to Defendants' business in California, Defendants are subject to the laws of California which give rise to the causes of action contained herein.

7. Plaintiff filed a complaint with the Department of Fair Employment and Housing (DFEH) for discrimination in violation of the Fair Employment and Housing Act on April 6, 2021 and has received his September 8, 2021 Right to Sue letter from the DFEH.

## FACTS COMMON TO ALL CAUSES OF ACTION

1. Defendant hired Plaintiff as a Public Sector Territory Sales Manager-LA in Los Angeles Sales-CLA in 2013.

2. A letter dated February 12, 2013 was sent by Deborah Truluck, Human Resources Staffing Consultant for Defendant, to Plaintiff which confirmed Plaintiff had already accepted the offer of employment. That letter included an "Employment At-Will" paragraph, but also included language "For 2013 we will guarantee a minimum total incentive payment of $60,000.00. This guarantee is based on meeting minimum performance standards, which includes measures established in the annual review process. You will be paid for what you earn at the end of each quarter. If your incentive compensation is less than $60,000.00 at the end of the 4th quarter in 2013, the minimum guarantee of $60,000.00 will be trued up at that time."

3. Plaintiff was initially recruited to come to work for Defendant by Carey Adamson, Defendant's national Vice President for Public Sector Sales at the time in November 2012, at which point

- 3 -

**COMPLAINT**
**TODD MASON V. COLONIAL LIFE & ACCIDENT INSURANCE CO.**

Plaintiff was working for a competitor in the industry and earning approximately $800,000.00 a year. Mr. Adamson worked out of Defendant's corporate office in Columbia, S.C., but personally met with Plaintiff in Long Beach CA in November 2012 to discuss the position and job offer, including such things as compensation, both guaranteed and potential. Mr. Adamson initiated contact with Plaintiff for the specific purpose of recruiting him to a specific employment position with Defendant, agreed to the specific terms of that employment, and was Plaintiff's initial direct supervisor. In accepting the offer, Plaintiff took significant risk by agreeing to a lower level of compensation in the short term, in exchange for the long term potential opportunity of the position with Defendant, conditioned only on his ability to do perform the job he was being recruited to perform. In addition to the "guaranteed" 2013 bonus compensation of $60,000.00, he was promised a base salary of $150,000.00, which isn't referenced in the February 12, 2013 letter from Defendant to Plaintiff. Plaintiff had already been offered the job by Mr. Adamson, and accepted it, based on an agreement of the terms of his employment reached with Mr. Adamson before Defendant sent Plaintiff the February 12, 2013 letter, which acknowledged "you have accepted our offer." Therefore, Plaintiff is informed and believes, and thereby alleges that a verbal contract of employment was established between Plaintiff and Defendant, which preceded any effort by Defendant to establish an Employment At-Will relationship, and that Defendant breached that contract by terminating Plaintiff without legitimate good cause on November 23, 2020.

4. Plaintiff is informed and believes, and thereby alleges, that Defendants knowingly, recklessly, or intentionally, and with malice against Plaintiff, made false verbal and written statements of fact about Plaintiff to third parties after Plaintiff's termination, and discouraged 3rd parties from continuing to have any business relationship with him. As a result, Plaintiff's prospective economic advantage and reputation have been negatively impacted, resulting in a loss of

**COMPLAINT**
**TODD MASON V. COLONIAL LIFE & ACCIDENT INSURANCE CO.**

14

employment opportunities, past and future wages and benefits, and opportunities to mitigate his damages. False statements made by Defendants after Plaintiff's termination include, but are not limited to, claims he was removed from the premises in handcuffs at the time of the termination.

5.  In response to Plaintiff's written request for employment records pursuant to Labor Code sects. 1198.5, 432, and 226 on November 27, 2020, Defendant responded to Plaintiff's initial request on December 3, 2020 via e-mail from Tiffany Harley with "Personnel File documents" attached.

6.  Those documents included ten separate Performance Reviews covering a reviewed period from 2013 ("2013 Performance Review" signed on February 11, 2014), to September 30, 2020 ("1:1 Coaching Sessions 7/1/2020-9/30/2020 Evaluated by Michael Stachowiak"). There are no indications of any concerns with Plaintiff's conduct, adherence to company policies and procedures, warnings, demotions or other discipline evidenced in any of the available performance review documents. In the final performance review made available to Plaintiff, the concluding "Manager Evaluation" section indicates "Excellent FOCUS moving forward on Agency Building in white space. Your systems and process are getting tighter and tighter because of your inspection and coaching. Don't stop. We all must achieve our recruiting target in Q4, nobody left behind. We all will cross the finish line on this goal together as a TM Team. Thank you for your effort and focus on the core pillars of our business."

7.  On November 18, 2020, Defendant informed Plaintiff that "an investigation was being done", which concerned him in some unspecified way. On November 23, 2020, Defendant advised Plaintiff that he was terminated based on the results of "the investigation", without further explanation at the time.   Plaintiff was not informed on November 18, 2020 why the

**COMPLAINT**
**TODD MASON V. COLONIAL LIFE & ACCIDENT INSURANCE CO.**

investigation was being conducted, or by whom, and was not provided an opportunity to participate in the process to any extent.

8. Plaintiff's initial written request for all of his Personnel records was made on November 27, 2020, and Defendant responded initially via e-mail on December 3, 2020 indicating the requested Personnel records were attached. Believing the responsive documents attached to Defendant's December 3, 2020 e-mail to be incomplete, Plaintiff sent follow up written requests to Defendant on December 10, 2020, December 14, 2020, December 22, 2020, and August 16, 2021. No additional Personnel Records documents were provided by Defendants to Plaintiff until September 2, 2021, at which time they sent a letter which acknowledged Defendant's receipt and review of Plaintiff's August 16, 2021 letter, which included the first written communication from Plaintiff to Defendant confirming Plaintiff's belief that his termination had been unlawful, while also being the fifth written request for all of Plaintiff's Personnel records.

9. Defendant's September 2, 2021 letter indicated the "requested records" were enclosed. The single difference between the Personnel Records provided by Defendant initially on December 3, 2020, and those provided by Defendant on September 2, 2021, was the later set included a "Internal Memorandum" dated November 23, 2020 from Manger Michael Stachowiak to "Todd Mason, Personnel File". The Subject Line description is "Termination Meeting Talking Points." While the Memorandum is addressed to "Todd Mason, Personnel File", and throughout references "You" referring to Plaintiff, Plaintiff was not in attendance at the described meeting, nor did Plaintiff receive this November 23, 2020 Memorandum addressed to his Personnel File until September 2, 2021, or shortly after Plaintiff's initial August 16, 2021 written notice to Defendant of a potential action for wrongful termination.

- 6 -

**COMPLAINT**
**TODD MASON V. COLONIAL LIFE & ACCIDENT INSURANCE CO.**

16

10. The November 23, 2020 Internal Memorandum includes a long list of purported grounds for Plaintiff's termination on that date.  Plaintiff disputes the accuracy and credibility of the grounds for his termination alleged in that Internal Memorandum.  Plaintiff is informed and believes, and thereby alleges that the actual motivation for his termination was based on his Race and Color status as a Black man, and thereby violated the CA Fair Employment and Housing Act (FEHA).

## FIRST CAUSE OF ACTION

## WRONGFUL TERMINATION IN VIOLATION OF FAIR EMPLOYMENT AND HOUSING ACT (FEHA)

### (Against Defendant Colonial Life and Accident Ins. Co.)

1. Plaintiff hereby incorporates by reference the allegations in the paragraphs above as though fully set forth herein.

2. An employer's broad legal authority to discharge an at-will employee pursuant to Labor Code sect. 2922, is limited by considerations of public policy that cannot be waived or bargained away by agreement.  The California Supreme Court has recognized, and confirmed, the public policy exception to employment at-will status, and the right to bring a tortious discharge claim based on a public policy which is a. supported by either constitutional or statutory provisions; b. is public; c. was articulated at the time of the discharge; and d. is fundamental and substantial.

3. The California Fair Employment and Housing Act (FEHA) (Govt. C sect. 12900-12996) applies to any employer regularly employing at least five persons in California. Defendant is therefore covered by this statute.

4. FEHA prohibits employment discrimination by covered employers based on race or color, among other protected categories.

- 7 -

**COMPLAINT**
**TODD MASON V. COLONIAL LIFE & ACCIDENT INSURANCE CO.**

5. As a Black man, Plaintiff belonged to a protected Race and Color group under FEHA, and was terminated based on that status, in direct violation of FEHA, as well as the public policy it establishes.

6. As a direct and proximate cause of Defendants' wrongful conduct, Plaintiff has sustained, and will continue to sustain special damages in the amount of past and future lost wages and benefits, general damages in the amount to compensate him for his emotional distress, pain and suffering caused by defendant's wrongful conduct.

## SECOND CAUSE OF ACTION

## WRONGFUL TERMINATION BASED ON BREACH OF CONTRACT

### (Against Defendant Colonial Life and Accident Ins. Co.)

7. Plaintiff hereby incorporates by reference the allegations in the paragraphs above as though fully set forth herein.

8. Contractual limitations on an employer's termination rights need not be express. They may be implied in fact, arising from conduct of the parties that manifests there actual mutual intent to create such enforceable limitations. General Dynamics Corp. v. Superior Court 7 Cal.4th 1164 (1994).

9. Plaintiff had an implied employment contract, which established a legal exception to Employment At-Will, which was violated by Defendant when they terminated him without Good Cause.

9. As a direct and proximate cause of Defendants' wrongful conduct, Plaintiff has sustained, and will continue to sustain special damages in the amount of past and future lost wages and benefits.

## THIRD CAUSE OF ACTION

## BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING

- 8 -

**(Against Defendant Colonial Life and Accident Ins. Co.)**

10.  Plaintiff hereby incorporates by reference the allegations in the paragraphs above as though fully set forth herein.

11.  The California Supreme Court has confirmed there is a covenant of good Faith and fair dealing in employment contracts. Foley v. Interactive Data Corp. 47 C3d 654 (1988).

12.  When an implied contract to terminate only for good cause exists, breach of the covenant would be established when "the existence of good cause for termination is asserted by the employer, without probable cause and in bad faith, that is, without a good faith belief that good cause for termination in fact exists." Pugh v. See's Candies, Inc. 203 CA3d 743, 770 (1988).

13.  Plaintiff had a verbal contract of employment with Defendant at the time the position was offered to him by Carey Adamson, and he accepted.  The existing verbal contract of employment was further confirmed and/or implied by the actions of Defendant through the duration of Plaintiff's employment, up to, and including the last Performance Review covering the period from July 1, 2020 – September 30, 2020, prior to his termination on November 23, 2020.

14.  Based on the contractual terms, Plaintiff's employment was not legitimately At-Will, and Defendant's termination of the employment relationship without actual good cause, or good faith belief that it existed at the time based on probable cause breached the implied in law covenant of good faith and fair dealing.

15.  As a direct and proximate cause of Defendants' wrongful behavior, Plaintiff has sustained, and will continue to sustain, special damages in the amount of past, and continued, lost wages and benefits.

//

**COMPLAINT**
**TODD MASON V. COLONIAL LIFE & ACCIDENT INSURANCE CO.**

1  //

2  //

3  //

### FOURTH CAUSE OF ACTION

### INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE

### (Against All Defendants)

16. Plaintiff hereby incorporates by reference the allegations in the paragraphs above as though fully set forth herein.

17. Plaintiff had an existing relationship with one, or more 3rd parties and there was a probability of future economic benefit to Plaintiff with that relationship.

18. Defendants were aware of this, and intentionally disrupted that relationship, causing economic harm to Plaintiff.

19. As a direct and proximate cause of Defendant's wrongful conduct, Plaintiff has sustained, and will continue to sustain, special damages in the amount of lost past, and future, wages, income and benefits as well as special damages to compensate for the resulting emotional distress, pain, and suffering.

20. As a direct and proximate result of Defendant's wrongful conduct, Plaintiff's ability to mitigate his damages was negatively impacted.

### FIFTH CAUSE OF ACTION

### DEFAMATION

### (Against All Defendants)

21.  Plaintiff hereby incorporates by reference the allegations in the paragraphs above as though fully set forth herein.

**COMPLAINT**
**TODD MASON V. COLONIAL LIFE & ACCIDENT INSURANCE CO.**

23. Plaintiff is informed and believes, and thereby alleges that Defendants have made false, unprivileged statements of fact about Plaintiff that were published to 3rd parties, that caused damage to Plaintiff.

24. As a direct and proximate cause of Defendant's wrongful conduct, Plaintiff has sustained, and will continue to sustain, special damages in the amount of lost past, and future, wages, income and benefits as well as special damages to compensate for the resulting emotional distress, pain, and suffering.

25. As a direct and proximate result of Defendant's wrongful conduct, Plaintiff's ability to mitigate his damages was negatively impacted.

### SIXTH CAUSE OF ACTION

### HOSTILE WORK ENVIORNMENT BASED ON FAILURE TO PREVENT

### DISCRIMINATION IN VIOLATION OF FEHA

### (Against Defendant Colonial Life and Accident Ins. Co.)

26. Plaintiff hereby incorporates by reference the allegations in the paragraphs above as though fully set forth herein.

27. Plaintiff is informed and believes, and thereby alleges, he was exposed to systemic discrimination by Defendant against him, as well as other Black employees of Defendant. This included, but was not limited to, racially inappropriate comments directed at Plaintiff and/or in his presence, unequal treatment and access to promotion opportunities that were made available to White peers with less seniority and inferior sales territory management performance results, and unequal access to participate in industry events as a speaker, which were provided to White peers with less seniority and inferior performance results, as compared to Plaintiffs'.

28. Defendant failed to take all reasonable steps necessary to prevent discrimination, as required by FEHA Govt. C sect. 12940(k).

29. As a direct and proximate cause of Defendant's wrongful conduct, Plaintiff has sustained, and will continue to sustain, special damages in the amount of past, and future, lost wages and benefits and general damages in the amount which will compensate him for the emotional distress, pain, and suffering caused by Defendant's wrongful conduct.

## PRAYER FOR RELIEF

Wherefore, Plaintiff seeks judgement as follows:

1. For special damages, according to proof;

2. For general damages and compensatory damages, including lost past and future wages and benefits, according to proof;

3. For punitive and exemplary damages;

4. For costs of suit incurred;

5. For an award of attorneys' fees pursuant to applicable provisions of California statutory or common law, including FEHA;

6. For interest at the legal rate from the date of injury or pursuant to Code of Civil Procedure sect. 3287; and

7. For any other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands trial by jury to the extent authorized by law.

Dated: November 19, 2021

By: _____

BLACK AND ROSE, LLP
David B. Nusz, Esq.
*Attorneys* for Plaintiff
TODD MASON

- 12 -

**COMPLAINT**
**TODD MASON V. COLONIAL LIFE & ACCIDENT INSURANCE CO.**

22