# Exhibit B

1 | Katessa M. Charles (SBN 146922)
2 | Stephanie Y. Yun (SBN 303986)
  | JACKSON LEWIS P.C.
3 | 725 South Figueroa Street, Suite 2500
  | Los Angeles, California 90017-5408
4 | Telephone:    (213) 689-0404
  | Facsimile:    (213) 689-0430
5 | Katessa.Charles@Jacksonlewis.com
  | Stephanie.Yun@Jacksonlewis.com

Attorneys for Defendant
COLONIAL LIFE & ACCIDENT
INSURANCE CO.

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF LOS ANGELES

| | |
|---|---|
| TODD MASON, an individual, | CASE NO.:  21LBCV00619 |
| Plaintiff, | **DEFENDANT COLONIAL LIFE & ACCIDENT INSURANCE CO.'S ANSWER TO PLAINTIFF TODD MASON'S COMPLAINT** |
| vs. | |
| COLONIAL LIFE & ACCIDENT INSURANCE CO., a South Carolina corporation; and DOES 1 - 50, inclusive, | Complaint Filed:    November 23, 2021 |
| Defendants. | |

Defendant COLONIAL LIFE & ACCIDENT INSURANCE CO. ("Defendant") on behalf of itself and for no other defendant, submits its Answer to the Complaint regarding the above-entitled matter, brought by filed by Plaintiff TODD MASON ("Plaintiff").

## **GENERAL DENIAL**

Pursuant to the California Code of Civil Procedure section 431.30(d), the answering Defendant denies generally and specifically each and every allegation contained in Plaintiff's Complaint ("Complaint"), and each and every cause of action purported to be alleged therein.  Defendant further denies that Plaintiff is entitled to the relief sought in his Complaint, or to any other relief.

/ / /

## AFFIRMATIVE DEFENSES

As separate and distinct affirmative defenses to Plaintiff's Complaint and the causes of action alleged therein, and to each of them, Defendant alleges as follows:

### FIRST AFFIRMATIVE DEFENSE

1. Plaintiff's Complaint as a whole, and each purported cause of action alleged therein, fails to state facts sufficient to constitute a cause of action against Defendant upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

2. To the extent Plaintiff's Complaint, or any purported cause of action therein, alleges emotional or physical injury, this Court lacks jurisdiction, and any recovery is barred by the exclusivity of remedy under the California Workers' Compensation Act, Labor Code section 3200, *et seq.*

### THIRD AFFIRMATIVE DEFENSE

3. Plaintiff's Complaint and each alleged cause of action therein are barred in whole or in part by the doctrine of after-acquired evidence or, alternatively, the doctrine of after-acquired evidence limits and reduces Plaintiff's alleged damages.

### FOURTH AFFIRMATIVE DEFENSE

4. Any recovery on Plaintiff's Complaint is barred by the applicable statutes of limitation, including, but not limited to, California Code of Civil Procedure section 335.1 and California Government Code sections 12940, 12960 and 12965.

### FIFTH AFFIRMATIVE DEFENSE

5. Plaintiff's claims are barred in whole or in part because Plaintiff failed to exhaust administrative remedies prior to commencing this civil action as required by applicable law including, without limitation, the California Fair Employment and Housing Act, Government Code Sections 12900, *et seq.*

### SIXTH AFFIRMATIVE DEFENSE

6. Any recovery on Plaintiff's Complaint, or any purported cause of action alleged therein, is barred under the equitable doctrines of laches, consent, waiver, estoppel and unclean hands.

///

///

**SEVENTH AFFIRMATIVE DEFENSE**

7. Although Defendant denies that it has committed or has responsibility for any act that could support the recovery of damages in this lawsuit, if any, to the extent Plaintiff suffered discrimination, or retaliation in violation of the California Fair Housing and Employment Act, Plaintiff is barred from recovering any damages under the avoidable consequences' doctrine. Defendant took reasonable steps to prevent and correct workplace discrimination and retaliation, Plaintiff unreasonably failed to utilize Defendant's preventive and corrective measures, and reasonable use of Defendant's preventive and corrective measures would have prevented at least some of the harm Plaintiff allegedly suffered. *State Department of Health Services v. Superior Court of Sacramento County* (*McGinnis*) (2003) 31 Cal.4th 1026.

**EIGHTH AFFIRMATIVE DEFENSE**

8. Any recovery on Plaintiff's Complaint is barred because all decisions and acts by Defendant that pertained to Plaintiff's employment were justified under California law and occurred in good faith based upon good cause and legitimate non-discriminatory, non-retaliatory reasons not related to Plaintiff's race, ethnicity, medical condition, or any other protected category or activity.

**NINTH AFFIRMATIVE DEFENSE**

9. Any recovery on Plaintiff's Complaint, or any purported cause of action alleged therein, is barred because, assuming *arguendo* that discriminatory or retaliatory reasons had been a motivating factor in any employment decisions toward Plaintiff, Defendant would have made the same employment decisions toward Plaintiff in any case for legitimate, non-discriminatory and non-retaliatory business reasons. *Harris v. City of Santa Monica* (2013) 56 Cal.4th 203.

**TENTH AFFIRMATIVE DEFENSE**

10. Any recovery on Plaintiff's Complaint, or any purported cause of action alleged therein, is barred in whole or in part because Defendant exercised reasonable care to prevent and correct promptly any alleged discriminatory or retaliatory behavior.

/ / /

/ / /

/ / /

3
DEFENDANT COLONIAL LIFE & ACCIDENT INSURANCE CO.'S ANSWER TO PLAINTIFF TODD MASON'S COMPLAINT

### ELEVENTH AFFIRMATIVE DEFENSE

11. Plaintiff's damages, if any, were proximately caused by unforeseeable, independent, intervening and/or superseding acts beyond the control and unrelated to the actions or conduct of the Defendant.

### TWELFTH AFFIRMATIVE DEFENSE

12. Plaintiff's Complaint and each alleged cause of action is barred in whole or in part because Plaintiff is estopped by his own conduct and/or judicially estopped to claim any right to damages or any relief against Defendant.

### THIRTEENTH AFFIRMATIVE DEFENSE

13. Plaintiff is barred from the recovery of punitive damages because Defendant maintained a bona fide policy against discrimination and retaliation. *See, Kolstad v. American Dental Association* (1999) 527 U.S. 526; *White v. Ultramar* (1999) 21 Cal.4th 563.

### FOURTEENTH AFFIRMATIVE DEFENSE

14. Plaintiff is barred from recovering any damages, or any recovery must be reduced, by virtue of Plaintiff's failure to exercise reasonable diligence to mitigate his alleged damages.

### FIFTEENTH AFFIRMATIVE DEFENSE

15. Any recovery on Plaintiff's Complaint, or any purported cause of action alleged therein, is barred in whole or in part because Defendant is entitled to an offset for any monies Plaintiff received from any source after Plaintiff ceased to be employed by Defendant under the doctrine prohibiting double recovery set forth by *Witt v. Jackson* (1961) 57 Cal.2d 57 and its progeny.

### SIXTEENTH AFFIRMATIVE DEFENSE

16. Plaintiff's claims for exemplary and punitive damages are barred in that Plaintiff has failed to raise sufficient allegations of malice, oppression or fraud and has failed to raise sufficient allegations to comply with the requirements of California Civil Code section 3294.

### SEVENTEENTH AFFIRMATIVE DEFENSE

17. Although Defendant denies that it has committed or has responsibility for any act that could support the recovery of punitive damages in this lawsuit, if any, to the extent any such act is found, recovery of punitive damages against Defendant is unconstitutional under numerous provisions of the

United States Constitution and the California Constitution.

### EIGHTEENTH AFFIRMATIVE DEFENSE

18. Any recovery on Plaintiff's Complaint, or any purported cause of action alleged therein, is barred in whole or in part because Plaintiff breached his contract, if any, with Defendant and by reason of such breach of contract, this answering Defendant has been excused of any duty it may have had to perform any obligation set forth in any agreement with Plaintiff, if there be such an agreement.

### NINETEENTH AFFIRMATIVE DEFENSE

19. Any recovery on Plaintiff's Complaint, or any purported cause of action alleged therein, is barred in whole or in part because Plaintiff's actions constituted a full release by Plaintiff of any and all claims which he may have had against Defendant.

### TWENTIETH AFFIRMATIVE DEFENSE

20. Any recovery on Plaintiff's Complaint, or any purported cause of action alleged therein, is barred in whole or in part because Defendant's full performance of any agreement or act required of it, if there be such agreements or acts, fulfills all its duties and obligations to Plaintiff, if any there be, contractual, fiduciary, or other, and no other duty or obligation to Plaintiff remains on behalf of Defendant.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

21. The alleged defamatory statements of which Plaintiff complains are related to a matter of public concern and thus is constitutionally protected by application of California Code of Civil Procedure section 425.16.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

22. Plaintiff's Complaint does not state facts sufficient to constitute a cause of action against Defendant in that the statements alleged relate to a matter of a public concern and Plaintiff has failed toa adequately allege that those statements concerning him caused Plaintiff any actual injury.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

23. Plaintiff's Complaint does not state facts sufficient to constitute a cause of action against Defendant as it fails to allege that Defendant broadcast the allegedly defamatory statements with knowledge of their falsity or with reckless disregard for their truth.

/ / /

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

24. Plaintiff's Complaint and each cause of action alleged against Defendant gives rise to no viable cause of action against Defendant as any alleged statements made by Defendant were true.

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

25. Any recovery on Plaintiff's cause of action for violation of public policy is barred because the acts complained of within Plaintiff's Complaint do not trigger any fundamental public policy that was based on some statute or constitutional protection, well established at the time of Plaintiff's employment, and inuring to the benefit of the public as a whole rather than Plaintiff.

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

26. Any recovery on Plaintiff's Complaint, or any purported cause of action alleged therein, is barred in whole or in part by unjust enrichment, and that Plaintiff would be unjustly enriched by the requested relief.

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

27. Defendant has appropriately, completely, and fully performed and discharged any and all obligations and legal duties arising out of the matters alleged in Plaintiff's Complaint.

**TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

28. Plaintiff's Complaint and each alleged cause of action is barred in whole or in part because Defendant duly satisfied and discharged all duties and obligations owed to Plaintiff arising out of any and all agreements, representations, or contracts made by or on behalf of Defendant.

**TWENTY-NINTH AFFIRMATIVE DEFENSE**

29. Plaintiff's Complaint and each alleged cause of action is barred in whole or in part because Plaintiff engaged in conduct and actions to constitute an accord and satisfaction concerning the obligations, conduct, or acts at issue in the Complaint.

**THIRTIETH AFFIRMATIVE DEFENSE**

30. Plaintiff's Complaint and each alleged cause of action is barred in whole or in part because Plaintiff's recovery, if any, must be offset to the extent Defendant expended money conducting repairs to address the obligations, conduct, or acts at issue in the Complaint.

///

## THIRTY-FIRST AFFIRMATIVE DEFENSE

31. As between Defendant and Plaintiff, the equities do not preponderate in favor of Plaintiff as to allow recovery.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

32. Any recovery on Plaintiff's Complaint, or any purported cause of action alleged therein, is barred in whole or in part because Defendant acted only to protect Defendant's legitimate financial interests, acted reasonably and in good faith to protect it, and used appropriate means to protect it.

## THIRTY-THIRD AFFIRMATIVE DEFENSE

33. Any recovery on Plaintiff's Complaint, or any purported cause of action alleged therein, is barred in whole or in part against Defendant because Defendant was not Plaintiff's employer at any time.

WHEREFORE, Defendant prays for judgment as follows:

1. That Plaintiff take nothing by his Complaint;
2. That the Complaint be dismissed in its entirety with prejudice;
3. That Plaintiff be denied each and every demand, claim and prayer for relief contained in the Complaint;
4. That Defendant recovers the costs incurred herein, including reasonable attorneys' fees.

For such other and further relief as the Court may deem just and proper.

DATED: January 4, 2022                               JACKSON LEWIS P.C.

By: __/s/ Stephanie Y. Yun_____
Katessa M. Charles
Stephanie Y. Yun

Attorneys for Defendant COLONIAL LIFE & ACCIDENT INSURANCE, CO.

# PROOF OF SERVICE

**SUPERIOR COURT OF THE STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

**CASE NAME:** TODD MASON v. COLONIAL LIFE & ACCIDENT INSURANCE CO.

**CASE NUMBER:** 21LBCV00619

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 725 South Figueroa Street, Suite 2500, Los Angeles, California 90017.

On January 4, 2022, I served the foregoing document described as: **DEFENDANT COLONIAL LIFE & ACCIDENT INSURANCE CO.'S ANSWER TO PLAINTIFF TODD MASON'S COMPLAINT** on the interested parties in this action as follows:

| | |
|---|---|
| David Benton Nusz<br>BLACK AND ROSE LLP<br>18301 Von Karman Ave., Suite 300<br>Irvine, CA 92612<br><br>dnusz@blackandrose.com | P: (949) 435-4260<br>F: (949) 435-4265<br>C: (714) 313-3337<br><br>Attorneys for Plaintiff |

**[X]    BY MAIL**

As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

**[X]    BY E-MAIL OR ELECTRONIC TRANSMISSION**

Pursuant to Judicial Council Emergency Rules Related to COVID-19 Rule 12(b) and following confirmation of the correct email address for the party being served, or on an agreement by the parties to accept service by e-mail or electronic transmission, I caused the document described above to be sent from e-mail address vivian.castillo@jacksonlewis.com to the persons at the e-mail address listed above. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

**[X]    STATE**

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on January 4, 2022 at Los Angeles, California.

*/s/Vivian A. Castillo*
VIVIAN A. CASTILLO

4886-8426-8040, v. 3